LUCERO, Circuit Judge,
concurring.
I concur with my colleagues as to the result, but write separately to note my concern regarding one aspect of the case. As the majority notes, on cross examination of the defendant, the government used the defendant’s tribal court plea to the underlying misdemeanor offense[2] to impeach his testimony that he acted in self-defense. It is the use of the tribal court judgment — which, though never offered into evidence, apparently contains an assertion that the defendant pleaded either guilty or no contest to a misdemeanor charge arising from the same set of facts — that causes me concern.
Use of the misdemeanor plea by the government was proffered, not under Rule 609, but rather under Rule 613. At that time, the defendant made an objection under Rule 403. The record does not reveal whether the trial court gave express consideration to the prejudicial effect under Rule 403 to the use of the plea; however, I excerpt a portion of the record that indicates that the court may have been aware of the potential prejudice:
THE COURT: I find the documents to be trustworthy under the self-authentication rule, and therefore you can ask questions about his plea in the tribal court.
MS. NEDA: I understand, Your Honor.
*460 MR. JAMESON: Your Honor, if I could—
THE COURT: However, I’ll point out to you that if I’m wrong, this will probably get me reversed, and sometimes prosecutors overkill in a case.
Tr. Trans, at 246.
Had defense counsel objected to the use of the tribal court judgment under Fed.R.Evid. 803(22), which excludes as hearsay, for certain purposes, any judgment of conviction of a misdemeanor, or any judgment entered after a plea of nolo contendere, the use of the judgment here likely would have been precluded in its entirety. The advisory committee’s notes to Rule 803(22) state: “Practical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation to defend at this level is often minimal or nonexistent.” Id., advisory committee’s notes. Such an objection was not made below nor did counsel argue it on appeal. Nevertheless, the commentary to Rule 808(22) cautions us as to the highly prejudicial nature of the use of a misdemeanor judgment in a ease such as this.
A similar caution signal exists in Fed.R.Evid. 609. While the heightened prejudice standard of Rule 609 is not imported into a Rule 403 analysis, nonetheless, the common law history of Rule 609 cautions us to take care that a defendant is not improperly prejudiced by admission of a judgment. Rule 609 recognizes that in “virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice — i.e., the danger that convictions that would be excluded under Fed.R.Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.” Fed.R.Evid. 609, advisory committee’s notes. Here, the risk is even greater: that a jury will consider the evidence not as probative of credibility, but as proof of ultimate guilt. See United States v. Martinez, 555 F.2d 1273, 1276 (5th Cir.1977) (court could “hardly conceive of a more prejudicial, prior conviction” than one arising from same set of facts; introduction of conviction as impeachment evidence under Rule 609 deprived defendant of right to have jury determine whether elements of crime were proven beyond reasonable doubt).
It is difficult on the record before us to determine whether the trial court engaged in a proper weighing of probative value and prejudice under Rule 403. Had the defendant objected under Rule 803(22), or had the defendant properly raised and argued the Rule 403 issues on appeal, I might be persuaded that a reversal is warranted. Neither was done. I concur in the result.

. In tribal court, Denetclaw was charged with aggravated assault, which is defined as "[ujnlaw-fully assaultfing] or strik[ing] at another with a deadly weapon.” Navajo Nation Code tit. 17, § 315(A)(1). In federal court, one of the charges Denetclaw faced was for “[ajssault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse.” 18 U.S.C. § 113(a)(3), formerly 18 U.S.C. § 113(c).